OPINION
Cheryl Brown, the mother of Jarael and Petao Brown, appeals from a judgment of the trial court awarding permanent custody of her minor children to the Greene County Children Services Board. Counsel was appointed to represent Brown's interests in this matter, Brown being indigent. Brown's counsel filed a brief, pursuant to Anders v. California (1967) 386 U.S. 738, reviewing the facts and the applicable law, and concluding that he could find no claims of error having arguable merit. By entry dated March 22, 2000, we gave Brown thirty days within which to file her own, pro se brief, in this matter. She has not done so.
Jarael, the older child, was born July 8, 1984. Petao was born May 15, 1995. Jarael had previously been adjudicated to be dependent, and the CSB moved to make permanent the previous order of temporary commitment to the CSB. The trial court consolidated a hearing on this motion together with the complaint for dependency and motion for permanent commitment concerning Petao.
In a judgment filed herein on November 18, 1999, from which this appeal is taken, the trial court made the following findings and orders:
 Evidentiary hearings were held on September 15, 1999, and November 15, 1999, upon the complaint alleging Petao Brown to be a dependent child, filed June 8, 1999, and upon the motion, filed May 19, 1999, in Jarael Brown's case, for Modification of Temporary Commitment to Permanent Commitment. The two cases were consolidated for judicial economy because most of the witnesses in both cases were the same individuals. Present in Court were Ms. Howell of Greene County CSB, represented by Mr. Hendrix, Cheryl Brown, represented by Mr. Dressel, and Donna Jacobucci, the children's Guardian ad Litem.
Based upon the evidence presented, the Court adjudicates Petao to be a dependent child under Ohio Revised Code Section 2151.04(B) and (C). Based upon the evidence presented, the Court makes the following Findings of Fact:
 1. Jarael Brown has been in the custody of Greene County CSB since June 9, 1998. Two case plans were filed by the agency, containing the same areas of concerns, goals to be achieved and services to be provided.
 2. The agency has made reasonable efforts to implement the case plans. Despite these efforts, Cheryl Brown has failed to substantially remedy the conditions which led to the child's removal.
 3. Ms. Brown has a substance abuse problem which has impaired her ability and willingness to provide a stable environment for Jarael and Petao. She has had two incidents of disorderly conduct by intoxication while the issues of permanent custody were awaiting determination.
 4. Ms. Brown sought the assistance of her friends, Mr. and Mrs. Neff, in providing care for Petao, arising from the intervention of Montgomery County CSB when Ms. Brown lived in Dayton. Petao was in the Neffs' custody from age 6 weeks to age 18 months, pursuant to an order from Montgomery County Juvenile Court.
 5. Petao returned to Ms. Brown in late 1997. She had a brain aneurysm and surgery. Ms. Brown experienced physical impairment (vision, speech, balance) and again turned to the Neffs for help. Petao has been in their care since April, 1998. Ms. Brown has had very little contact with Petao since then. Petao has fully bonded with the Neffs; he and Ms. Brown refer to Mrs. Neff as Petao's mother. The Neffs are very interested in adopting Petao. It would be traumatic for Petao to be separated from the Neffs.
 6. Neither child can be placed with Ms. Brown within a reasonable period of time.
 7. It would be in the best interest of Petao Brown and Jarael Brown to be in the permanent custody of Greene County CSB.
It is hereby Ordered that permanent custody of Petao Brown and permanent custody of Jarael Brown be granted to Greene County Children Services Board.
We have reviewed the transcript of the hearing, which is in two volumes, one for each of the hearing days. Both hearings were electronically recorded, with the transcripts prepared from the recording. The transcript of the proceedings for the first day of the hearing, on September 15, 1999, is marred by repeated instances in which the testimony is recorded as "indecipherable." There are similar instances in the transcript of proceedings for the second day of the hearing, on November 15, 1999, but they are less extensive.
Despite the difficulty of reviewing the transcripts, we conclude that there is evidence in the record to support the trial court's findings. From our review of the transcript, we conclude that Cheryl Brown loves her children dearly, and would like very much to retain her relationship with them as their mother. Nevertheless, it appears that she is not able to do so, as the result of an addiction to alcohol. There is some evidence in the record of her abuse of other substances, but the evidence of her addiction to alcohol is overwhelming. Even with the CSB's motion for permanent commitment of her children hanging over her head, she was unable to refrain from becoming intoxicated several times in the few months before, and even between, the hearings on the motion.
While we sympathize with Ms. Brown, we conclude that the evidence in the record supports the trial court's finding that she is not able to care for her children at the present time, that neither child can be placed with her within a reasonable period of time, and that it would be in the best interests of both children to be in the permanent custody of the Greene County Children's Services Board.
We have also reviewed the complete procedural record in the cases involving each child, and we are satisfied that there are no claims of procedural error having arguable merit. Accordingly, the judgment of the trial court is Affirmed.
GRADY, P.J. and BROGAN, J., concur.